Rachel E. Gross, Administrator of the Estate of Margaret Strominger, deceased, *v.* Rankin Strominger, Administrator de bonis non, cum testamento annexo, of Henry Strominger, deceased, Appellant.

*Will—Gift to widow—Remainder—Residue after maintenance.*

Testator gave to his widow the residue of his real and personal estate " during her natural life; " authorized her to sell the same if she desired to do so, to " put the money derived therefrom upon interest," and " to use all the said interest if required for her own subsistence." To meet a possible contingency he provided that if the interest was not sufficient " for her own personal wants and comfort " she might " take of the principal sufficient to make her comfortable." Immediately following the provisions for her support, and in the second sentence of the will relating to it, he directed that whatever was left at her decease should be divided between his children and grandson named therein. *Held,* (1) that this was not an absolute gift to the wife, after the widow's death, the children and grandson of testator, and not the widow's representatives, were entitled to whatever was left of the estate; (2) that the fact that some of the securities in the residue had been taken by the widow in her own name was immaterial.

Argued May 21, 1896.   Appeal, No. 232, Jan. T., 1896, by defendant, from judgment of C. P. York Co., Aug. T., 1895, No. 60, for plaintiff on case stated.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Case stated to determine title to personal property.

The case stated was as follows :

It is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict, to wit:

That Henry Strominger, of Newberry township, in said county,

the father of the plaintiff and defendant in this case, died March 17, 1881, testate, seized and possessed of real and personal estate in said county, leaving to survive him a widow, Margaret Strominger, and six children, to wit: Rankin M., John A., Sarah Jane, Anna Eliza, Margaret M., and Rachel Emma, and a grandson, David H. Strominger, having in his lifetime made his last will and testament in writing, bearing date the 14th day of February, A. D. 1880, which said will was duly proved before the register for the probate of wills in and for said county, March 22, 1881, and remains on file in the office of said register, and of record therein in will book BB, page 420.

That the following is a true and correct copy of said will, to wit:

"Know all men by these presents, that I, Henry Strominger, . . . . As to my worldly estate and all the property real, personal and mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in the manner following, viz: First, my will is that all my just debts and funeral expenses shall by my executrix hereinafter named be paid out of my estate as soon after my decease as shall by her be found convenient. Item, I give and devise and bequeath, unto my beloved wife, Margaret, all my real, personal or mixed estate, to have and to hold the same to her, during her natural life. And if she desires to sell the same, she may sell the whole real, personal, or mixed, at public or private sale, to the best advantage, without any appraisement, and put the money derived therefrom, upon interest, where it will be perfectly safe invested in real estate, not encumbered, with any liens upon the same, and use all the said interest, if required for her own subsistence, and if there is not sufficient of said interest for her own personal wants and comfort, then to take of the principal sufficient to make her comfortable, she to have full control of said money, the same as I would have if I was living, and whatever is left at her decease, after her just debts and funeral expenses are paid, the balance that is left is to be equally divided between my named children, &c., viz: Rankin M., John A., Sarah Jane, Ann Eliza, Margaret M., and Rachel Emma, and my grandson, David H. Strominger is to have the one half of a full share of the balance left, which is to equal the full share of my son

Philip, who is not, or any of his heirs, to receive any part or parcel of my estate. And in case any of the within named heirs, that is to inherit the aforesaid balance, should decease without leaving any legal heirs, then their respective share or shares to fall back to the survivors above named, or their legal heirs, to be divided as before mentioned. And none of my children or sons in law or their heirs to settle up the estate after the decease of my wife.

"And lastly, I nominate, constitute, and appoint my said wife Margaret, to be my executrix of this my last will and testament."

That letters testamentary thereto were duly granted to said Margaret Strominger, the executrix therein named, March 22, 1881, who took upon herself the duties of said trust, and filed an account of the personal estate of said testator, charging herself with the amount thereof, to wit: $879.64, and showing a balance thereon in favor of the estate of $248.18, which account was duly confirmed in the orphans' court of said county, January 3, 1887, and referred to an auditor for the distribution of the balance on the same.

That by the report of the auditor, and the proceedings had on exceptions filed to said report, it appears that the personal estate of said testator was insufficient to pay his debts.

That the real estate of said testator was sold and conveyed by said Margaret Strominger, executor as aforesaid, at private sale to Samuel Gross for $1,500, for part of which purchase money, to wit, $900 thereof, Samuel Gross executed and delivered to said Margaret Strominger a mortgage on said real estate, recorded the same day, payable one year after date with interest; that said $900 were paid to said Margaret Strominger and the mortgage satisfied by her and the money again invested by her for her own use.

That no account of the proceeds of the sale of said real estate of the testator was exhibited or filed by the said Margaret Strominger.

That the balance of said proceeds of sale of the testator's real estate remained under the control of the said Margaret Strominger, invested for her use and benefit and in her name to the time of her death. That said Margaret Strominger received all the interest and income of the balance of the testator's estate to the time of her death, which occurred on the 14th day of April, 1895.

That the balance of the testator's estate remaining invested at the time of the death of said Margaret Strominger, and in her name, consists of the amount of three certain promissory notes and one certificate of deposit, to wit: the joint promissory note of Levi Small and Benjamin Small for $800, dated March 24, 1892, payable one year after date to the order of Margaret Strominger, bearing interest, on which note interest was paid to April 1, 1895; the joint promissory note of Emma Gross and Samuel Gross for $100, dated April 1, 1893, payable one year after date to the order of Margaret Strominger, bearing interest, on which note interest has been paid to April 1, 1894, and $15.00 on the principal, leaving a balance due thereon of $85.00, and interest thereon from April 1, 1894; the promissory note of Rankin Strominger for $100, payable one year after date to the order of Margaret Strominger, bearing interest; a certificate of deposit of The Western National Bank of York, Pa., for $75.00, dated March 28, 1896, payable on demand to the order of Margaret Strominger, with interest not exceeding three per cent.

That the amount due on said promissory notes and certificate of deposit is $1,082 (subject to the just debts and funeral expenses of the said Margaret Strominger), the same being the proceeds of the sale of real estate of the testator, sold by said Margaret Strominger as aforesaid; and the said promissory notes and certificate of deposit are all in possession of Rankin Strominger, the defendant in this case.

That five of the children of the testator named in his will survive said Margaret Strominger, to wit: Rankin Strominger, Sarah Jane, wife of Elias Glatfelter, Anna Eliza, wife of Jacob Gray, Margaret M., wife of Andrew Coble, and Rachel E., wife of Samuel Gross, and his said grandson, David H. Strominger; one of the children named in the will, to wit, John A., died before said Margaret Strominger, leaving no issue surviving him.

That said Margaret Strominger died intestate. That letters of administration on her said estate were granted to said Rachel E. Gross, the plaintiff, who claims that said balance of the said Henry Strominger belongs to the estate of her intestate, Margaret Strominger.

That letters of administration de bonis non cum testamento annexo of the estate of the said Henry Strominger were duly

granted to said Rankin Strominger, the defendant, who claims said balance as belonging to the estate of his testator, said Henry Strominger.

If the court shall be of the opinion that under said will of said testator the whole estate of the testator vested in said Margaret Strominger, absolutely, then judgment to be entered in favor of the plaintiff for the remainder of the estate of the testator, with costs of suit, to be released on the said defendant delivering to the plaintiff the above specified promissory notes and certificate of deposit; but if the court shall be of the opinion that under said will of said testator said Margaret Strominger took an estate for and during her natural life only, with remainder over to the legatees named therein, then judgment to be entered in favor of the defendant with costs of suit. Either party to have the right to appeal.

LATIMER, P. J., filed the following opinion :

The will of Henry Strominger contains a devise and bequest to his wife of all his real and personal estate for life, with full power of sale and conversion at either public or private sale, without appraisement, with power of consumption of both principal and interest, "She to have full control of the money, the same as I would have if living." Many cases might be cited to show that such a gift vests an absolute estate in the wife, which is unaffected by a bequest of "whatever is left at her decease." Besides all this, the case stated finds that she did invest the money as her own in her own individual name, not as executrix of her husband, and it is difficult to see how any one but her administrator could collect.

And now, to wit, August 6, 1895, judgment in the case stated for the plaintiff and against the defendant for $1,082, to be released on defendant delivering to plaintiff the notes and securities specified in the case stated, and for costs of suit.

*Error assigned* was in entering judgment for the plaintiff.

*N. M. Wanner*, with him *James Kell*, for appellant.—The life tenant and executor having sold the land of the testator for a specific purpose, the surplus money, after the payment of his debts, retains the character of land, and must go where the

land would have gone under the will at her death: Sayer's App., 79 Pa. 428; Pennell's App., 20 Pa. 515; Greenawalt's App., 37 Pa. 95; Dyer v. Cornell, 4 Pa. 359; Hay's App., 52 Pa. 449; Large's App., 54 Pa. 383.

The intention must be gathered from the whole will taken together, from the four corners of the instrument, and not from detached portions alone: Seibert v. Wise, 70 Pa. 147; Reck's App., 78 Pa. 433; Urich's App., 86 Pa. 389.

A power of sale attached to an express life estate will not enlarge the gift to a fee: Kennedy v. Kennedy, 159 Pa. 327; Brockley's App., 1 Pa. Sup. Ct. Dig. 242; Cox v. Sims, 125 Pa. 522; Fisher v. Herbell, 7 W. & S. 63; Morris v. Phaler, 1 W. 389; Dale v. Dale, 13 Pa. 448; Sheets' App., 52 Pa. 257; Follweiler's App., 102 Pa. 581.

To effect a conversion of land into money under the terms of a will the power to sell must be absolute and unconditional: Stoner v. Zimmerman, 21 Pa. 394; Henry v. McCloskey, 9 W. 145; Blight v. Bank, 10 Pa. 131; Symons v. Butter, 2 Vern. 227; Walker v. Denne, 2 Ves. Jr. 170.

*E. W. Spangler*, for appellee.—A gift to a widow of all testator's estate after payment of debts for her sole use and benefit during the term of her natural life, to use, expend, sell and convey as she may desire and think proper, with a gift of the residue over upon her decease, vests in the widow an absolute power of disposition over testator's estate: Mercur's App., 151 Pa. 49.

Mere precatory words, or words of command, or words of explanation, are not enough to establish an intention that is not to be gathered from a consideration of the operative words upon the face of the will: Boyle v. Boyle, 152 Pa. 108; Presbyterian Church v. Disbrow, 52 Pa. 224; Evans v. Smith, 166 Pa. 625.

OPINION BY MR. JUSTICE McCOLLUM, October 5, 1896:

The fund in dispute is identified by the case stated as proceeds of the sale by the executrix of the real estate of the testator. It is what remains of his estate after deducting therefrom the cost of the comfortable maintenance he intended his widow and executrix should have from it. The sale was made by her

under the power with which she was clothed by his will.   He
obviously intrusted her with the management of the estate for
the accomplishment of his declared purposes, and these were
that she should have her support from it and preserve the re-
mainder for distribution in accordance with his directions.   In
plain terms he gave her the residue of his real and personal
estate "during her natural life," authorized her to sell the same
if she desired to do so, to "put the money derived therefrom
upon interest," and "to use all the said interest if required
for her own subsistence."   To meet a possible contingency he
provided that if the interest was not sufficient "for her own
·personal wants and comfort " she might "take of the principal
sufficient to make her comfortable."   Immediately following
the provisions for her support and in the second sentence of the
will relating to it he directed that. whatever was left at her de-
cease should be divided between his children and grandson
named therein.

. The testator's wife was manifestly the primary object of his
bounty.   Whatever was necessary for her support he intended
she should have.   If the income of the estate was sufficient to
afford her a suitable maintenance it was his intention that the
principal of it should go, at her decease, to the children and
grandson, unimpaired.   A construction of the privilege which
makes it operate as an absolute gift to the wife of the residue
of the estate would defeat the plain purpose of the testator and
take from the children and grandson named in the will that
which he intended they should have at her decease.   There is
no warrant in the language of the testator for such a construc-
tion.   The words "she to have full control of said money the
same as I would have if I was living " are properly applicable,
and should be limited to that which the testator had already
devoted to the maintenance of his wife, and cannot be justly
considered as enlarging the preceding gift.   The mere fact that
the securities which represent the balance of the estate were
taken in her name has no particular significance.   It was not
within her power to defeat his intention respecting the remain-
der of the estate by any such act.   It being conceded that the
securities in question constitute such remainder, the right of
the children and grandson to it is as clear as it would be if

the securities had been taken in the name of the life tenant as executrix.

A careful consideration of the will has satisfied us that there is nothing in it which requires that the manifest intention of the testator shall be disregarded in construing it, or which furnishes an adequate warrant for the judgment entered upon the case stated by the learned court below.

Judgment reversed and judgment now entered upon the case stated in favor of the defendant, with costs.