## Trout *v.* Rominger.

| 198 | 91 |
| d208 | 47 |
| 25 SC | 453 |
| 198 | 91 |
| 219 | 59 |

*Will—Provision for widow—Life estate.*

Testator gave all of his estate, real and personal, to his wife "to have and to hold the same to her own use, benefit and behoof forever; the same to be and remain for just and necessary support during the natural life of her my said beloved wife. And in case any of the above bequeathed property should remain at the date of my said wife's death, I order and direct that the same be divided between my children share and share alike, or if any of them be dead then unto their legal representatives in a legal

manner." The wife mentioned in the will was testator's second wife, by
whom he had no children, the children mentioned being those of the former
wife. After the death of the testator the widow sold the real estate. The
children claimed that she had no title in fee simple, and that the price was
inadequate. The purchaser subsequently paid the children an additional
sum and received from them quitclaim deeds. The widow invested the
money which she received in other real estate, and thereafter died. *Held*,
that testator's children were entitled to the real estate so purchased by the
widow.

Argued Oct. 22, 1900. Appeal, No. 21, Oct. T., 1900, by
plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Aug. T.,
1897, No. 131, on case stated in the suit of John Trout et al.
v. John Rominger et al. Before McCollum, C. J., Mitchell,
Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Case stated to determine title to real estate.

The facts are fully stated in the opinion of the Supreme
Court.

The court in an opinion by Kennedy, P. J., entered judg-
ment for defendants on case stated.

*Error assigned* was in entering judgment for defendants on
case stated.

*William M. Randolph*, for appellants.—Similar clauses have
been fully considered and adjudicated by this honorable court
in a long list of cases, including the leading case of Jauretche
v. Proctor, 48 Pa. 466, Snyder v. Baer, 144 Pa. 286, and Levy's
Est., 153 Pa. 177.

Testator's main care and intent, manifestly was to look after
the comfort and support of the loving wife of his old age; and
he, therefore, intended that she should have power to use, as
she saw fit, any or all of his property to that end. If this be
true, she certainly had the power to sell, and, under the follow-
ing cases, the fee would be vested in her: Jauretche v. Proc-
tor, 48 Pa. 466; Second Reformed Presbyterian Church v. Dis-
brow, 52 Pa. 219; Snyder v. Baer, 144 Pa. 278; Good v. Fich-
thorn, 144 Pa. 286; Evans v. Smith, 166 Pa. 625; Pennock's
Est., 20 Pa. 277.

An absolute gift is not to be cut down by a later clause, un-
less the testator's intention to modify the gift is unequivocally

expressed.   This question is fully considered in the following
cases : Jauretche v. Proctor, 48 Pa. 466 ; Second Reformed Pres-
byterian Church v. Disbrow, 52 Pa. 219 ; Bowlby v. Thunder,
105 Pa. 173 ; Hopkins v. Glunt, 111 Pa. 287 ; Good v. Fich-
thorn, 144 Pa. 287 ; Boyle v. Boyle, 152 Pa. 108 ; Evans v.
Smith, 166 Pa. 625.

A devise with power to give a fee, passes a fee : Brown's
Estate, 38 Pa. 293 ; Johnson v. Morton, 10 Pa. 245 ; Second
Reformed Presbyterian Church v. Disbrow, 52 Pa. 219 ; Sny-
der v. Baer, 144 Pa. 278.

When the first devisee has the absolute right to dispose of
the property in his own unlimited discretion, it amounts to an
unqualified gift, and any estate over is inconsistent therewith,
and consequently void : Lynde v. Estabrook, 7 Allen, 68 ;
Fiske v. Cobb, 6 Gray, 144 ; Ide v. Ide, 5 Mass. 500 ; Karker's
App., 60 Pa. 155.

We call the attention of this honorable court to the striking
similarity between this case and the case of Evans v. Smith, 166
Pa. 625.

The latest case in point, passed upon by this court is Gil-
christ v. Empfield, 194 Pa. 398.   In this case the fee was sus-
tained.

*J. J. Miller*, for appellees.—The intention must be gathered
from the whole will taken together from the four corners of
the instrument, and not from detached portions of the will :
Seibert v. Wise, 70 Pa. 147 ; Reck's App., 78 Pa. 433 ; Urich's
App., 86 Pa. 389.

In doubtful cases the law leans in favor of a distribution as
nearly conformable to the general rules of inheritance as pos-
sible : Smith's App., 23 Pa. 9 ; Grim's App., 89 Pa. 333 ;
Rupp v. Eberly, 79 Pa. 141 ; Lipman's App., 30 Pa. 180 ;
Malone v. Dobbins, 23 Pa. 296 ; Biddle's Est., 28 Pa. 59 ;
Walker v. Walker, 28 Pa. 40 ; Hitchcock v. Hitchcock, 35 Pa.
393.

The estate granted to the widow was not a fee simple estate ;
it was not absolutely to her and to her heirs ; it was to have
and to hold for her use, benefit and behoof : Schmid's Est.,
182 Pa. 267 ; Brockley's App., 4 Atl. Repr. 210 ; Gross v.
Strominger, 178 Pa. 64.

OPINION BY MR. JUSTICE BROWN January 7, 1901:

The plaintiffs below claim the property in dispute as the next of kin of Annie Rominger, and their right to recover depends upon what estate she took under the will of her husband, John Rominger, deceased. The intention of the testator, in making provision for his widow, as declared in his will, must prevail, for we are perplexed with no rule of construction that requires us to violate it. The clause in which is found his intention as to the estate given and devised to his widow, and which need not be read in connection with any other portion of the instrument to discover what he intended, is as follows : " Item. After the payment of all such debts as I may justly owe and also my funeral expenses, I give and bequeath all the rest and residue of my estate, real, personal and mixed or of whatsoever nature or kind or wheresoever the same may be, and remain at the date of my decease to my beloved wife Annie Rominger, to have and to hold the same to her own use, benefit and behoof forever; the same to be and remain for her just and necessary support during the natural life of her my said beloved wife, Annie Rominger. And in case any of the above bequeathed property should remain at the date of my said wife's death I order and direct that the same be divided between my children share and share alike, or if any of them be dead, then unto their legal representatives in a legal manner. And I hereby nominate, constitute and appoint my said beloved wife, Annie Rominger the sole executrix of this my last will and testament." If what follows the word " forever " had been omitted, no court would have been called upon to determine what estate had been given to the widow, for no question could have been raised that she took a fee ; but the testator did not omit the qualifying words, and it is evident that he inserted them for the purpose, first, of declaring his intention that the estate given and devised to his wife should be for her just and necessary support during her life, with the right to dispose of his property and use as much of the principal as might be necessary for her support, and secondly, of disposing himself of what might remain of his estate after her death. It is not a devise to the widow with restraint upon her power of alienation, or coupled with precatory words, expressive of the wish of the testator that she make certain disposition by her will of what might

be left at her death; and Jauretche v. Proctor, 48 Pa. 466, Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219, and the numerous other authorities called to our attention by appellants' counsel are clearly distinguishable. Equally distinguishable is Gilchrist v. Empfield, 194 Pa. 397, where a devise was made to the widow in fee simple, followed by no words declaring the intention of the testator to be that the estate devised was to be for her support during life, with a disposition by him of what should remain after her death. "Moreover," it was there said, "the will in the fifth clause gives the unexpended residue to the same persons who would have taken under the description of heirs, to wit: all the children of both the parents." Annie Rominger, the widow, under the foregoing clause took for "her own use, benefit and behoof forever" an estate limited by its very terms to her natural life and the word "forever," taken in connection with what follows, can have no other meaning than that during said term her dominion over the estate so given and devised to her by her husband should be unlimited for her "just and necessary support," should she require its consumption; but the testator reserved to himself and exercised the right to dispose of what might not be consumed. In mandatory words, he directed that what might remain of his estate after the widow's enjoyment of it, should go to his children, born to him by a former wife, there having been no issue from his second and last marriage. These words are not only mandatory, but clear, that the father had no intention of disinheriting his children; on the other hand, they unequivocally manifest his intention that after the very proper support given to his widow, the stepmother of his children, the latter should have and enjoy what might be left. Gross v. Strominger, 178 Pa. 64, controls the case, and we need add nothing more by way of interpretation of this will than the following words of the learned judge below: "We are, therefore, of opinion, that this will vested in the wife the use, benefit and behoof of the property for her support during life, with authority to use the whole thereof if necessary for her support, and vested the residue remaining after her death in the children of testator in fee simple."

The real estate left by John Rominger was sold by Annie Rominger, as his widow and devisee, to William Beck for $4,750,

against the protest of the appellees, who alleged that she did not have a fee simple in the property, and that the price paid was wholly inadequate. All doubt as to the title of the purchaser was subsequently removed by their executing a quitclaim deed to him, in consideration of $2,250 paid to them. What was paid to the widow and them together, may be regarded as representing the actual value of the property sold, and as that purchased by the widow and now claimed by the appellees under the will of their father was paid for by her out of the proceeds of the sale of his property, the appellees can retain it. That they received from the vendee of their stepmother a small portion of the actual value of their father's property for quieting title to him, is no reason why they should not have the balance if definitely traced, as it has been, to the reinvestment in other real estate by the widow. Under the case stated, judgment was properly entered below for the defendant, and for the reasons given, it is now affirmed.