## Bailey *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.

*Will—Fee simple estate—Gift of real and personal property—Widow—Power to consume estate.*

Where a testator's will gives, bequeaths and devises all his property to his wife and her heirs forever " with this condition, that if she shall die before our son, I give, bequeath and devise to him and his heirs forever, the one half of all the property before mentioned, as it may then be," the wife takes a fee simple and absolute interest in all of the estate real and personal.

In such a case the restricting words " as it may then be " are not to be confined to the personal estate.

Argued Nov. 10, 1903. Appeal, No. 183, Oct. T., 1903, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T. 1903, No. 18, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Katharine C. Bailey and Fidelity Title and Trust Company, Administrator c. t. a. of the Estate of James M. Bailey, Deceased, v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for consideration money of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

FRAZER, P. J., stated the facts to be as follows :

James M. Bailey and John H. Bailey, the husband of Katharine C. Bailey, were the owners of certain real estate in the 30th ward of this city. John H. Bailey died in 1896, and by his last will, dated May 12 of that year, bequeathed and devised to his wife "all my property, real and personal, to her and her heirs forever, with this condition :—that if she shall die before our son Reade, I give, bequeath and devise to him and his heirs

forever, the one half of all the property before mentioned as it may then be."

Katharine C. Bailey, by her attorney in fact, Reade W. Bailey, joined with James M. Bailey in an agreement in writing to convey to the defendant company a portion of the real estate above referred to, and subsequently tendered to the defendant company a warranty deed for the same properly executed by James M. Bailey, and Katharine C. Bailey, by her attorney in fact, Reade W. Bailey, and demanded payment of the purchase money agreed upon, viz: $11,000. The defendant company refused to accept the deed tendered and pay the purchase money, setting up as a reason for its refusal to do so that under the will of John H. Bailey, his widow's title is subject to an executory devise in favor of his son, and that a marketable title to the property purchased by it can only be had by both widow and son joining in the conveyance. Defendant demanded a deed executed by Reade W. Bailey, as well as James M. and Katharine C. Bailey. This plaintiffs refused to give and brought suit to recover the purchase money.

The court citing Gilchrist v. Empfield, 194 Pa. 397, made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

· *Gordon Fisher,* with him *Dalzell, Scott & Gordon,* for appellant.—Mrs. Bailey is seized of an estate in fee simple defeasible as to one half on the contingency of her son, Reade W. Bailey, surviving her, and under the will of John H. Bailey she is not given an absolute power of disposal: Jessup v. Smuck, 16 Pa. 327; Boyd v. Bigham, 4 Pa. 102; Ide v. Ide, 5 Mass. 500; Fisher v. Wister, 154 Pa. 65; Vanhorne v. Campbell, 100 N. Y. 287 (3 N. E. Repr. 316, 771); Rupp v. Eberly, 79 Pa. 141; Fife v. Miller, 165 Pa. 612; Cox v. Sims, 125 Pa. 522.

*Henry A. Davis,* with him *William M. Galbraith,* for appellee, cited: Gilchrist v. Empfield, 194 Pa. 397; Jauretche v. Proctor, 48 Pa. 466.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 4, 1904:
When testator, who was a lawyer and knew the meaning of

technical words, gave, bequeathed and devised all his property to his wife and her heirs forever, he certainly gave her a fee in the land, and the question here is how far did he limit or lessen that estate by the words, "with this condition, that if she shall die before our son Reade, I give, bequeath and devise to him and his heirs forever the one half of all the property before mentioned, as it may then be."

Conceding that the gift over to the son if absolute might be good as an executory devise of one half the estate, we are still confronted with the words, "as it may then be." It is manifest that the testator contemplated the probability that the estate might not then be as he left it, and meant to provide for that contingency. It is not reasonable to suppose that he meant to refer to inevitable or involuntary changes in condition or value by fire or other accident, or change in the character of the neighborhood, for any disposition he could make would necessarily be subject to such contingencies, but rather to voluntary and intentional change by acts of ownership, and as he gave this power without limit he included the power to change by sale. His full intent may therefore be served by construing this provision to give his widow the control of the estate during her life, but with a restriction against devising more than one half of it away from her son. How far such a restriction upon an estate in fee may be good even as an executory devise we need not now consider.

The argument that the restricting words "as it may then be" should be confined to the personal estate is not tenable. In most of the cases cited, such as Follweiler's App., 102 Pa. 581, and Cox v. Sims, 125 Pa. 522, the estate given was only for life, and it was held that the power to consume incident to the enjoyment of the gift did not extend to the realty. In Trout v. Rominger, 198 Pa. 91, the gist of the decision was that the change of the investment by the sale of one piece of land and the purchase of another with the proceeds, was not such a consumption by the widow as to defeat the testator's devise to his children of "any of the above bequeathed property (which) should remain at the date of my wife's death." In the present case the testator classes all his estate, real and personal together and bequeaths and devises the whole absolutely and in fee.

As the deed from the widow will convey a good title, it is

not necessary to consider the question of estoppel as to the son by his executing the deed as attorney in fact.

Judgment affirmed.