## Trout et al. v. Knott et al.

John F. Sullivan, for petitioners.

PATTERSON, P. J., December 27, 1930.—Frank X. Knott, of the City of Altoona, died testate on August 28, 1929, leaving to survive him his widow, Rosie Knott, one of the petitioners, a son and four daughters, all of full age and residents of the City of Altoona.

Testator's last will and testament, dated March 19, 1929, was duly probated in the office of the Register of Wills in and for the County of Blair on September 19, 1929, and letters testamentary thereon issued to Thomas J. Trout, one of the petitioners.

Testator died seized in fee simple of a certain one-half lot of ground with frame dwelling thereon erected, situate at No. 1414 First Avenue, Altoona, Pa., free and clear of all liens and encumbrances except a paving lien due the city. The personal estate consists of stocks and cash, valued at approximately $900.

The will in question was written by testator and is as follows:

"This is my last Will and i apint James trout my Son in Law exicuter. He should pay all my Funeral Expenses and all my Debts first, And whats left he should pay to my Wife Rosie in smal payments to live on. And if ther is anything left she dies should to be given to the Grand Children. Dont forget Frank Williams 25 Dollar more."

It is argued that the will is vague and ambiguous and that the interest of the widow as well as of the grandchildren is uncertain. The questions to be determined are as follows:

1. What estate does the widow take under said will?

2. If the widow takes a life estate, is she entitled to receive the income only or has she the power to consume, and for this purpose encumber and convey the real estate?

Testator first appoints James Trout, his son-in-law, executor of his last will and directs that he first pay from his estate funeral expenses and all debts, and "whats left he should pay to my Wife Rosie in smal payments to live on. And if ther is anything left [when] she dies should to be given to the Grand Children." This provision passes all of the real estate and personal property to the wife Rosie, "to live on for life," and the remainder, if any, to the grandchildren. There is, therefore, a life estate with power in the executor to pay the principal in small payments from time to time for the widow's use and support, although in doing so the entire estate may be consumed. Testator intended that the executor should continue in charge of said estate and entrusted him with the duty of paying over part or all of the same to his wife Rosie as occasion demanded "to live on," the remainder, if any, at the death of the wife Rosie to pass to the grandchildren of the deceased.

In the very recent case from this county, Endsley v. Hagey, 301 Pa. 158, 163, the Supreme Court, in an opinion by Mr. Justice Sadler, holds:

"It is clear the decedent did not mean to give the whole estate without restriction, but only such portion as was found necessary for the comfort and enjoyment of the life tenants: Chestnut v. Chestnut, 300 Pa. 146.

"The extent of the widow's consumption of the estate was within her own control. Her decision was without appeal, but it must have been honestly reached in accordance with the purpose the testator intended, and not merely colorable to defeat his will. 'She had power to carry out his intentions by sale, transfer and consumption of the proceeds in such a way as to leave nothing at her death:' Tyson's Est., 191 Pa. 218, 226. . . . So long as the life tenants do not deplete the corpus for the mere purpose of defeating the testator's intention, 'courts will be slow to condemn expenditures as being contrary to the power granted.' "

It will be incumbent upon the executor in this estate to pay the funeral expenses, debts, costs of administration and $75 to Frank Williams, after which he will pay over to Rosie Knott, the widow, in small payments such sums from the income and principal of testator's estate as may be necessary for her proper maintenance, support and comfort during her lifetime. If necessary, the executor may encumber or convey the real estate to meet the necessary expenses in the proper maintenance and support of the widow, Rosie Knott. If anything remains unconsumed at the death of the widow the same shall become the property of testator's grandchildren.

We, therefore, order, adjudge and decree (1) that the widow, Rosie Knott, is vested with a life estate in both the real and personal property of testator, to have and enjoy during the term of her natural life; and (2) the widow, Rosie Knott, has the right to receive all of the income and principal of both real and personal property if the same may be necessary for her proper comfort, maintenance and support, provided, however, that the same be paid to her in small payments, the grandchildren to receive the remainder, if any there be, at the death of said Rosie Knott.

From Robert W. Smith, Hollidaysburg, Pa.