ESTATE OF RALPH G. MAY, MILDRED K. MAY, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64499.    Filed May 26, 1959.

*Albert R. Mugel, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in the petitioner's estate tax in the amount of $34,971.01. The sole issue is whether certain property passing under the residuary clause of the will of Ralph G. May qualifies as a marital deduction under section 812(e) of the Internal Revenue Code of 1939, as amended by section 93 of the Technical Amendments Act of 1958.[1]  All of the facts have been stipulated.

Ralph G. May died on November 6, 1953. At the time of his death he was a resident of and domiciled in the State of New York. Mildred K. May, decedent's wife, was 51 years of age at the date of her hus-

---

[1] All section references are to the Internal Revenue Code of 1939, as amended.

band's death. On December 9, 1953, the last will and testament of Ralph G. May was duly admitted to probate in the Surrogate's Court of Erie County, New York, and letters testamentary were duly issued to Mildred K. May by the court. The decedent's will so admitted to probate contained the following provisions:

THIRD: I hereby give, devise and bequeath to my wife, MILDRED K. MAY, should she survive me the sole life use of all the rest, residue and remainder of my property both real and personal wherever situated, with the right in the sole discretion of my said wife, to invade and use the principal not only for necessities but generally for her comfort, happiness and well-being. I direct that my said wife be given possession of said property and all thereof and that she be not required to give any bond or other security in respect thereto.

FOURTH: Should my said wife, MILDRED K. MAY, predecease me then I hereby direct that upon my death all the rest, residue and remainder of my estate both real and personal wherever situated, or should my said wife survive me then upon her death I direct that the residue of said property, if any there be, after said life use thereof by my said wife, be divided into as many equal shares as there may then be lawful children of mine then living and as I then may have deceased children leaving lawful issue then surviving, which shares I hereby dispose of as follows:

(a) I hereby give, devise and bequeath so many of such shares as there may be lawful children of mine surviving my said wife and me unto my Trustee hereinafter named in trust nevertheless for the following uses and purposes:

To take and hold such shares, each one of which shall constitute a separate trust for each of my said respective children, to collect the rents, issues, income and profits thereof and to pay so much of the net income from each respective trust as shall be in the sole sound discretion of my Trustee, sufficient for the maintenance, education and support during minority of the beneficiary of such trust. Any surplus of net income shall be accumulated during the minority of the beneficiary, which accumulation shall be paid to the beneficiary when the beneficiary attains the age of twenty-one years. Thereafter the net income from each trust shall be paid to the beneficiary thereof at frequent intervals, preferably quarterly, during the natural life of said beneficiary. Upon the death of any beneficiary, I give, devise and bequeath the corpus of such trust so created for such beneficiary so dying, unto the lawful issue of said beneficiary then surviving per stirpes. Should any beneficiary die, leaving no lawful issue surviving, then I hereby give, devise and bequeath the corpus of such trust to my lawful children then living and to the issue then living of any deceased child of mine, per stirpes and not per capita.

(b) I hereby give, devise and bequeath one of such equal shares unto the issue surviving my said wife and me, of any deceased child of mine per stirpes.

The value of the gross estate of Ralph G. May, at the date of his death, was $269,428.56. The residuary estate of Ralph G. May, passing under article Third of his last will and testament, consisted of property having a value of $245,657.68, prior to payment of Federal and New York State estate taxes. Property having a value of $9,682.69 was included in decedent's gross estate and passed outside of his will to Mildred K. May as her absolute property. An estate tax return for the Estate of Ralph G. May was filed with the district director of internal revenue at Buffalo, New York, and an estate

388

tax of $11,324.31 shown to be due was paid on or before February 6, 1955.

The Estate of Ralph G. May, on its estate tax return, showed the value of the residuary estate qualifying for the marital deduction under section 812(e) and claimed 'a deduction in the amount of $127,295.26, constituting one-half of the adjusted gross estate as shown on the return. The respondent disallowed the marital deduction to the extent of $117,612.57, but allowed a marital deduction in the amount of $9,682.69, representing joint property included in decedent's gross estate which passed outside the will to Mildred K. May as her absolute property.

Section 812(e) of the 1939 Code, as amended by the Technical Amendments Act of 1958 (Pub. L. 85–866, 72 Stat. 1606) allows a marital deduction for a life estate passing to a surviving spouse with a power of appointment. The nature of this power is described in section 812(e)(1)(F):

(F) Life Estate With Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse. This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

Here, the surviving spouse was given a legal life estate in her husband's residual property. It is the petitioner's contention that the right given to Mildred K. May in the will in her "sole discretion" to "invade and use the principal not only for necessities but generally for her comfort, happiness and well-being" constituted a power of appointment over the property within the meaning of subparagraph (F).

It is agreed that if Mildred's power under the third clause of the will can be construed as an unlimited power to invade the principal, it would qualify as a power of appointment within the meaning of the statute, *Estate of Elwood Comer*, 31 T.C. 1193; *Estate of E. W. Noble*, 31 T.C. 888; *Estate of Theodore Geddings Tarver*, 26 T.C. 490, affirmed on this issue 255 F. 2d 913, and in deciding whether or not it can be so construed, consideration should be

given to the law of New York.  *Estate of William C. Allen*, 29 T.C. 465; *Morgan v. Commissioner*, 309 U.S. 78.

The real question is whether the granted power to invade the principal is sufficiently "unlimited" to constitute a "power of appointment" as that term is used in the statute.  Petitioner argues the power to invade is sufficient if there are no restrictions on the surviving spouse's right to use and consume the principal.  Respondent argues the power to invade the principal must be more than an unlimited power in the surviving spouse to use and consume the principal; that it must include the power to appoint unconsumed principal to herself or dispose of it to others of her own selection.

The requirement of Regulations 105, section 81.47(a), is that before the power to invade the principal will be considered equivalent to the statutory power to appoint, the power of the surviving spouse to invade the principal "must be a power to appoint the corpus to herself as unqualified owner or to appoint the corpus as a part of her estate, that is, in effect, to dispose of it to whomsoever she pleases."

In our opinion in *Estate of Theodore Geddings Tarver*, *supra*, we said the above provision of the regulations "is in accord with the intent of the Congress."

In *Commissioner v. Ellis' Estate*, 252 F. 2d 109, reversing *Estate of Harry A. Ellis*, 26 T.C. 694, there was a testamentary trust which gave the surviving wife a life interest with the right to invade trust corpus in such amounts as she desired with remainder over.  It was held the extent of the surviving wife's power to invade the corpus was to consume, and this had to be exercised in good faith, and under the terms of the will, construed according to the Pennsylvania law there applicable, the surviving wife did not possess the unlimited power to appoint corpus to herself or in her estate.  In holding the trust did not qualify for the marital deduction the court stated:

It seems clear that Mrs. Ellis under the terms of the will did not possess an "unlimited" power to invade the corpus or appoint the corpus to herself as unqualified owner.  Under the circumstances we are of the opinion that Mrs. Ellis's life interest coupled with her power to consume the corpus could not enlarge her estate into one equivalent to a fee simple.  The decedent had named remaindermen to take one-half of the unconsumed corpus at her death and left her the other half for the benefit of her estate.  Chesnut v. Chesnut, 1930, 300 Pa. 146, 151 A. 339, 75 A.L.R. 66.  It therefore seems clear that the whole of the residuary estate cannot qualify for the marital deduction under the provisions of subparagraph (F) for she did not possess the power to appoint the corpus by will or during her life and "in all events."  Cf. Estate of Pipe v. Commissioner, 2 Cir., 1957, 241 F. 2d 210.

The plain intent of the testator in the instant case was that the surviving spouse could do nothing with the unused portion of the principal.  The will contained such language as "sole life *use*" and "with the right in the sole discretion of my said wife, to invade and *use*

the principal not only for necessities but generally for her comfort, happiness and well-being," and "after said life *use* thereof by my said wife" the property to "be divided," etc. (Emphasis added.) Whatever may be said about the breadth of the power to use and consume, the fact remains the power to use was all she had.

It can be conceded here the right of the surviving spouse to consume and use the principal was unlimited, in the sense that it extended at least to the outer limit of its good faith exercise. Petitioner does not argue the will, construed pursuant to applicable New York law, granted the surviving spouse power to transfer unconsumed principal to herself or as a part of her estate. If the question is to be governed by New York law, that law was canvassed in *Estate of Edward F. Pipe*, 23 T.C. 99, and the affirming opinion, *Pipe's Estate* v. *Commissioner*, 241 F. 2d 210 (C.A. 2), and also in *Matteson* v. *United States*, 147 F. Supp. 535 (N.D.N.Y.). In the cited cases it was held, after extended review of the New York law, and authorities, that the spouse's broad lifetime power of invasion to use and consume, but with remainder over, did not qualify for the marital deduction.

The conclusion is inescapable that the power held by Mildred to invade the principal was not unlimited. It was restricted to use and it did not include power to convey to herself or in her estate. We have seen that under section 812(e)(1)(F), the surviving spouse must possess a power to appoint the entire interest in "all events." If Mildred did not consume the whole of the principal in the residuary estate, such interest would pass, upon her death, to Ralph's children, then living, in trust. It is quite evident that the decedent's intention was to provide for his children as well as his wife, and that Mildred's right to invade the principal, unless it were used to consume, could not operate to defeat these remainder interests. Mildred did not possess a power to appoint the entire interests in the residuary estate in "all events" within the meaning of section 812(e)(1)(F). We hold that the interest created under the third paragraph of Ralph's will was terminable, *Estate of Wallace S. Howell*, 28 T.C. 1193, and, therefore, does not qualify for the marital deduction.

Reviewed by the Court.

*Decision will be entered for the respondent.*