Judgment of conviction reversed and new trial granted.

---

In the Matter of the Accounting of ITHACA TRUST COMPANY, as Executor, etc., of HARRIET SIMPSON, Deceased.

MARY A. SIMPSON-MIX, Appellant; ITHACA TRUST COMPANY, as Executor, Respondent.

Third Department, December 28, 1916.

Will — construction — when holder of life estate with power of disposition may will same.

Where a testator, having no children, gave his residuary estate to his wife and to his mother absolutely, to be equally divided between them, the provision for the former to be in lieu of dower, and five years later made a codicil providing that the one-half which he had given to his mother " shall be hers absolutely to use up, spend or give away, in any way she sees fit " and providing that if there be any left and undisposed of by her at the time of her death, that such sum or amount shall

belong to his wife, provided she be living, the mother, in view of the surrounding and extraneous circumstances, had the power to will what she had received from her son.

APPEAL by Mary A. Simpson-Mix from part of a decree of the Surrogate's Court of the county of Tompkins, entered in the office of said Surrogate's Court on the 21st day of October, 1916, judicially settling the accounts herein and construing the will of George F. Simpson, deceased.

*William Nelson Noble*, for the appellant.

*David M. Dean* [*Sherman Peer* of counsel], for the respondent.

COCHRANE, J.:

George F. Simpson had no children. Harriet Simpson was his mother and Mary A. Simpson-Mix was his wife, remarried since his death.

Mr. Simpson executed his will July 5, 1900, and thereby gave his residuary estate to his wife and to his mother absolutely to be equally divided between them share and share alike, the provision for the wife to be in lieu of dower and as payment of all claims which she might have against him.

In 1905 Mr. Simpson made a codicil to his will as follows: "I hereby will and direct that the one-half ($\frac{1}{2}$) of my estate which in said will I gave to my mother, Harriet Simpson, shall be hers absolutely to use up, spend or give away, in any way she sees fit, but I will and direct in the event there is any of the property hereby willed to her left and undisposed of by her at the time of her death, that sum or amount of property thus willed to her shall belong to my said wife, Mary A. Simpson, providing she shall be living at that time, and as thus modified I hereby confirm my said will in all respects."

His mother, Harriet Simpson, survived him and then died, leaving a will under the residuary clause of which the estate which she received from her son passed to the Ithaca Trust Company as executor of her will, provided she had the power of disposition by will. The question is, under the foregoing codicil did she have the power to will what she received from

her son ? She of course had the power to give it away during her life, but could she give it away by will ? If she could not, then Mary A. Simpson-Mix, the wife, takes it. The surrogate has held that the mother had the power of disposition by will. We agree with the surrogate.

Naturally no case in point can be found. The problem in this as in most similar cases is to ascertain the intent of the testator. This intent must be gathered from the language of the will and codicil in the light of surrounding and extraneous circumstances. There are a few features which are quite persuasive. *First,* by the original will Mr. Simpson gave one-half of his estate to his mother absolutely without any restrictions or limitations whatever. By the codicil he provides that if his mother does not dispose of the property it shall go to his wife. It is not unreasonable to infer that he did not intend any very radical or sweeping departure from the absolute gift which he had formerly made to his mother. Any construction favorable to the widow, howsoever slight it may be, is an advantage from her standpoint over the original will. *Second,* when the testator authorizes his mother to " give away, in any way she sees fit," the property, it is not reasonable to suppose that he had in mind necessarily a gift by her during her life because the account of her executor shows that about all the property she had was what she got under his will, amounting to $10,000 or $12,000, and if she gave it away in her lifetime she would be impoverished. It is hardly conceivable that he intended such a result, but the more natural supposition is that he had in mind that she might give it away by will. *Third,* the language of the codicil is comprehensive and sweeping and giving it its natural and ordinary sense, indicates that he meant that she should be at liberty to will it if she saw fit. He says in the codicil, the property " shall be hers *absolutely* to use up, spend or give away, *in any way she sees fit,* but I will and direct, in the event there is any of the property hereby willed to her left and *undisposed of* by her at the time of her death," etc. What he evidently meant was that his mother should have the power of disposition in the ordinary way either by will or otherwise, and that if she did not exercise this power, then what was left should go to his wife. *Fourth,* unquestionably the mother

could will this property if the wife did not outlive her. What is left only goes to the wife, Mary A. Simpson, "providing she shall be living at that time." That is, the time of the death of the mother. As to all other persons, relatives of George, clearly his mother could will this property, and it follows logically that she could also will it as against his wife in the absence of language indicating a contrary purpose.

I recommend that the decree be affirmed, with costs.

Decree unanimously affirmed, with costs.