In the Matter of the Accounting of ITHACA TRUST COMPANY, as Executor of HARRIET SIMPSON, Deceased, Respondent.

MARY A. SIMPSON-MIX, Appellant.

Will — gift by testator to his mother — codicil construed and held to change absolute gift in original will, in case his wife survived his mother, to a life estate with power to use, spend or give away principal in her lifetime but without power of disposition by will.

Testator by his will gave certain property to his mother. By a codicil he provided that the " estate which in said will I gave to my mother shall be hers absolutely to use up, spend or give away, in any way she sees fit, but I will and direct, in the event there is any of the property hereby willed to her left and undisposed of by her at the time of her death, that sum or amount of property thus willed to her shall belong to my said wife, providing she shall be living at that time, and, as thus modified, I hereby confirm my said will in all respects." Testator left him surviving his wife and his mother. Thereafter his mother died, leaving a will by which she gave her property, real and personal, as therein provided, without reference to the property received by her pursuant to the will of her son. The widow of the testator presented to the executor of the mother a claim for the moneys that came from the estate of her deceased son remaining in her possession at the time of her death, and for the moneys and property subsequently received by her executor from his estate, which claim was rejected. Held, that the ordinary meaning of the words used in the codicil and the evident intention of the testator in their use lead to the conclusion that the testator intended by the codicil to change the absolute gift as

provided by the original will in case his wife survived his mother to a life estate with power to use, spend or give away the principal in her lifetime, but without power of disposition by will.

· *Matter of Ithaca Trust Co.*, 176 App. Div. 40, reversed.

(Argued March 5, 1917; decided April 17, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 31, 1917, which affirmed a decree of the Tompkins County Surrogate's Court settling the accounts of the executor of Harriet Simpson, deceased.

The facts, so far as material, are stated in the opinion.

*William Nelson Noble* for appellant.   Where a legatee or devisee is given full power to dispose by deed, contract or by will of the property given to him, the bequest or devise is absolute, and a subsequent limitation to take effect upon any contingency would be void on the ground of repugnancy. (*Kelly* v. *Hogan*, 71 App. Div. 343.) With a fair interpretation of this language of the codicil — "left and undisposed of by her at the time of her death"— the previous words "give away in any way she sees fit" are restricted in meaning so as to exclude a testamentary disposition, inasmuch as the latter takes effect only after death. (1 Redf. on Wills [4th ed.], 5; 4 Kent's Comm. 513; 3 Coke on Litt. [2d Am. ed.] 585.) The will of Simpson made in 1900 gave his mother, Harriet Simpson, one-half of his estate in fee; but this bequest has been modified by the codicil of 1905 so as to cut down the fee to a life estate coupled with a power of disposition by Harriet Simpson in her lifetime — but not by will — and with remainder over to Mary A. Simpson of whatever portion should be unexpended at the time of Harriet Simpson's death. (*Smith* v. *Bell*, 6 Pet. 68; *Terry* v. *Wiggins*, 17 N. Y. 512; *Matter of Cager*, 111 N. Y. 343; *Crozier* v. *Bray*, 120 N. Y. 366; *Leggett* v. *Firth*, 132 N. Y. 7; *Mee* v. *Gordon*, 187 N. Y. 400; *Colt* v. *Heard*, 10 Hun, 189; *Greyston* v. *Clark*, 41 Hun, 125;

*Kurtz* v. *Weichmann*, 75 App. Div. 26; *Terry* v. *Rector, etc.; of St. Stephen's Church*, 79 App. Div. 527; *Baumgras* v. *Baumgras*, 5 Misc. Rep. 8; *Matter of Pierson*, 58 Misc. Rep. 94.)

*David M. Dean* and *Sherman Peer* for respondent. Leaving her duly executed will unrevoked at the time of her death was a disposition by Harriet Simpson in her lifetime. (*Hayes* v. *Gunning*, 51 Misc. Rep. 517.)

CHASE, J. On July 5, 1900, George F. Simpson made his will by which he gave (with some unimportant exceptions) all his property to his wife and mother to be divided equally between them. He therein provided that the gift to his wife " be taken by her in lieu of all dower and as payment in full of all claims of every name and nature which she may have against me at the time of my death." On February 21, 1905, he made a codicil to his will by which he provided:

" I hereby will and direct that the one-half (½) of my estate which in said will I gave to my mother, Harriet Simpson, shall be hers absolutely to use up, spend or give away, in any way she sees fit, but I will and direct, in the event there is any of the property hereby willed to her left and undisposed of by her at the time of her death, that sum or amount of property thus willed to her shall belong to my said wife, Mary A. Simpson, providing she shall be living at that time, and, as thus modified I hereby confirm my said will in all respects."

He died March 11, 1905, leaving surviving him his wife, and his mother who was his only heir at law and next of kin, and his said will and codicil have been duly probated as his last will. His mother died March 7, 1914, leaving a will which has been duly probated, by which she gave her property, real and personal, as therein provided. The will of his mother does not contain any reference to the property received by her pursuant to his will. At the

death of the testator's mother a portion of his estate remained in the hands of his administrator with the will annexed, undivided, and there also then remained in her possession over $6,000 of the moneys received by her from his said estate. The widow of the testator is living. She presented to the executor of the will of his mother a claim for the moneys that came from the estate of her deceased son remaining in the mother's possession at the time of her death, and for the moneys and property subsequently received by her executor from his estate. Such claim was rejected and a consent was thereupon duly executed by the persons interested that such claim be tried and determined on the judicial settlement of the account of the executor of the mother. That proceeding is now before us on appeal from an order of the Appellate Division of the Supreme Court affirming a decree of the Surrogate's Court of the county of Tompkins denying the claim of said widow.

It appears from the findings included in the record that the testator and his wife were married in 1878 and together performed the work in conducting the business by which the property of the testator was accumulated. Shortly before the codicil was made the testator had two strokes of paralysis. While suffering from the effects of such paralysis and eighteen days before his death, the codicil was executed. Between the time when the will and the subsequent codicil were executed the testator made investments of the face value of $6,837.01 which, at the time of the hearing in Surrogate's Court herein, had not been sold or collected, and also incurred obligations for which it appears that the executor has been compelled to pay $12,560.58. It further appears that between the execution of said will and codicil, his available net assets had decreased nearly one-half. The codicil was executed by the testator with knowledge of his impaired strength and his serious financial losses. The testator's intention was quite clearly to change the abso-

lute gift to his mother as stated in his original will to a life estate with power of disposition during her life and a remainder over in case his wife survived her.

It is not claimed in this court that the gift by the testator to his mother as defined by the codicil is an absolute one or that any part of such gift not used up, spent or given away by her in her lifetime would pass to her personal representatives in case his wife survived her and she had not disposed of the same by will. The immediate question presented to us is, whether the testator's mother had the power to dispose by will of that part of his property received by her that she did not use up, spend or give away in her lifetime. It involves the question whether the mother's title to the gift is absolute. The testator did not by his will as modified by the codicil intend to give to his mother one-half of his estate absolutely. Had the will of 1900 not been changed by the codicil of course the testator's mother could have disposed of the property given to her thereby as she pleased either in her lifetime or by will to take effect upon her death. If the testator by the codicil to his will intended to and did give to his mother an unrestricted right of disposition by will or otherwise of the gift to her, he, in effect, gave to her the same title to such property that she had by the original will, and the codicil was in substance and practical effect of little value. The only difference in the mother's title to the gift would have been that under the codicil the wife would take the remainder in the more or less uncertain event of the mother dying intestate. We repeat that the testator did not intend that his mother should have an absolute title to the property bequeathed to her. That he did not have such intention appears from all that we have said, and because he clearly intended a remainder over to his wife after his mother's death. A remainder cannot be limited upon an *absolute* estate in fee. Where a gift is provided by will and such gift is intended to be *absolute*, a gift over is repugnant to such

absolute gift and void and the purported gift over must be treated as a mere expression of a wish or desire regarding the distribution of such part of the gift as may remain undisposed of at the death of the donee. (*Moran* v. *Moran*, 143 Mich. 322; 5 L. R. A. [N. S.] 323, and note; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Farmers Loan & Trust Co.* v. *Kip*, 192 N. Y. 266.)

The testator gave to his mother power to dispose of the gift to her in her lifetime as in the codicil expressly provided, but the gift is qualified by the words " *but* I will and direct in the event there is any of the property hereby willed to her left and undisposed of by her at the time of her death that sum or amount of property thus willed to her *shall belong to my said wife*, Mary A. Simpson, providing she shall be living at that time and as *thus modified* I hereby confirm my said will in all respects."

The words " undisposed of " in the codicil, when considered in connection with the other language of the codicil and the general purpose of the testator must be held to relate to a disposition of the property so bequeathed to her to take effect prior to her death. The testator's intention to restrict the gift to his mother to a life estate with power of disposition in her life is not contrary to law. The rights of creditors, purchasers or incumbrancers are not involved, and the statutory provisions relating to such rights need not be considered.

It is apparent that the testator intended to provide quite unreservedly for his mother in her lifetime, and it is also apparent that, subject to the provision for his mother during her lifetime, the testator desired to add to the provision for his wife any remainder of the gift to his mother that she did not actually use up, spend, give away or dispose of prior to her death. His desire to further provide for his wife doubtless arose from his knowledge of the fact that his wife would receive materially less under his original will than he intended and expected when he executed it.

The ordinary meaning of the words used in the codicil and the evident intention of the testator in their use lead to the conclusion that the testator intended by the codicil to change the absolute gift as provided by the original will in case his wife survived his mother to a life estate with power to use, spend or give away the principal in her lifetime but without power of disposition by will. (*Terry v. Wiggins*, 47 N. Y. 512; *Smith v. Bell*, 6 Peters [U. S.], 68; *Matter of Cager*, 111 N. Y. 343; *Terry v. Rector, etc., St. Stephen's P. E. Church*, 79 App. Div. 527; *Greyston v. Clark*, 41 Hun, 125; *Leggett v. Firth*, 132 N. Y. 7.)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court modified by allowing the appellant's claim, and the proceeding remitted to the Surrogate's Court to enter a decree in accordance with this opinion, with costs to the appellant in this court and in the Appellate Division payable from the estate of Harriet Simpson, deceased.

HISCOCK, Ch. J., COLLIN, HOGAN, CARDOZO and CRANE, JJ., concur; McLAUGHLIN, J., absent.

Order reversed, etc.