In the Matter of the Estate of RICHARD W. SMITH, Deceased.

Surrogate's Court, Nassau County, ————————.

**Wills — construction — testator directed executors to pay wife any part of principal of estate " at any time she so desires it "— invasion of principal limited only by wife's sole judgment — circumstances do not now warrant transfer of all assets to widow.**

This will by which the testator after directing his executors to pay to his wife any part of the principal of his estate " at any time she so desires it " provided that she should be " the sole judge of the necessity of having any part of the principal of my estate paid to her," must be construed as permitting an invasion of the fund for the widow with only her conscience as a check upon complete depletion of the estate and her right thereto limited only by her sole judgment as to the necessity for more than the income. However, the circumstances do not now warrant a transfer of all of the assets of the estate to the widow as was intended by the decedent.

APPLICATION of Emma A. Smith, widow and one of the executors of her husband, Richard W. Smith, for a decree construing the will and adjudging that the said widow is entitled unconditionally to the corpus of the estate.

---

HOWELL, S. The 3d paragraph of the will gives to Emma A. Smith (wife) the use of the entire residuary estate during her

natural life and then provides further: " But should my wife for any cause whatever deem it necessary to have more than the income from my Estate, I authorize and direct my Executors, hereinafter named, to pay to her absolutely any part of the principal of my Estate at any time she so desires it; and I do hereby specifically direct and it is my will that my wife shall be the sole judge of the necessity of having any part of the principal of my said Estate paid to her."

The testator then bequeaths about $12,000 to various relatives and in paragraph 6 says: " If at the death of my wife, there should not be enough left of my Estate to pay all of the above specific legacies in full, I direct that each legacy shall be paid in proportion to the money on hand."

The residue of the estate at his wife's death goes to his nephews, Henry W. and Charles V. Smith.

The wife, Emma A. Smith, and the nephew Charles V. Smith were appointed executors and trustees.

There are cases almost without number bearing upon this form of construction, each, however, yielding its own peculiar wording of bequest, from those which give such an unlimited power as that in *Matter of Ithaca Trust Co.* (176 App. Div. 40) where the beneficiary is authorized " to use up, spend or give away," to those which provide for the invasion of the principal only for necessary support.

In the case at bar the language is very broad. It shows a clear intent to permit an invasion with only the conscience of the wife as a check upon complete depletion. By the 6th paragraph it is apparent that the testator contemplated some invasion, for he provided that the residuary legatees and beneficiaries must stand each a proportionate share of such invasion.

The testator does, however, use the limiting words necessary. He opens the door wide. He directs his executors to pay to his wife any part of the principal at any time she desires it, should she " for any cause whatever deem it necessary to have more than the income from my Estate," and to make it more clear he provides that the wife shall be the sole judge of the necessity. The testator could hardly find language to make a broader provision to meet any necessity that might arise. Surrogate OSTRANDER in *Matter of Briggs* (101 Misc. 191; modified, 180 App. Div. 752; modified and approved, 223 N. Y. 677) wrote a very able opinion applicable to this case at bar. Here too there is but one limitation on the invasion, the wife's judgment of her necessity. Here too is the contention that the wife might use the entire principal and thereby destroy the trust and break the scheme of the will and

I think that she might lawfully do so provided only that she exercised an honest judgment of her necessity.

The facts of this case are submitted as follows: The wife has drawn in the first year $18,000 with which to provide herself a home, and in addition she has taken $2,500 for her living expenses. Certainly by no stretch of imagination can this be called unreasonable, where the estate reaches nearly $200,000. She then demanded the assignment of a mortgage in the sum of $57,000 under the claim that she was absolutely entitled thereto. The coexecutor refused to make such an assignment unless the widow would furnish some security or agreement to the effect that " she deemed the same necessary for her own use in the exercise of her honest judgment and in good faith and upon the further condition that such portion as she did not so use be preserved so as to pass in case of her death to the legatees and remaindermen under the will." (Quotation from memorandum of coexecutor).

The widow answered by this application for the entire corpus of the estate under the same contention that she had an unqualified right thereto.

Now, the situation is as clear as though it was set forth in large letters. There is discord between the widow and her coexecutor and trustee and there is quite likely to be discord where the coexecutor is also a residuary legatee.

I am in full accord with the sentiments expressed in *Matter of Briggs*, and will apply them to the full in treatment of this widow. I do not see how I can go beyond the limitation of the will that the invasion must be upon a determination of the widow that in her sole judgment she requires more than the income. The testator puts it to her sole judgment, but there must be an exercise of that judgment upon something more than a mere demand based on controversy. The quickness of action seems to indicate that this may be the case. The conclusion of Surrogate OSTRANDER that " decision must be made by the court as the demands " is not altogether satisfactory because it tends to endless applications and adjustments, but most careful thought does not lead to any better solution.

There is the temptation, however, to indicate that the court does not feel that there has been any great liberality of treatment of the widow in the facts disclosed, nor is it in sympathy with any treatment of this case which would compel the widow to be a daily visitor at the court house to adjust demands for funds.

She has been provided with an initial allowance of $18,000 to purchase a home. This is still a part of the estate as long as she holds it. Funds have simply been transferred. The $2,500 for

living expenses is very modest and cannot be accepted as in the spirit indicated by the testator when he gives her the entire income and makes her the sole judge of her need for the principal.

The testator did not intend that every single demand should be scrutinized with such deliberation nor put her to trouble and expense.

The court is reluctant to substitute its judgment in the face of the provision of the will, that she is the sole judge, and will do so only to require that the demands made are in good faith and not as a result of disagreements or bad faith.

The facts do not present such a case at this time to direct a transfer of all of the assets to the widow as was intended by the testator; therefore, the application for the entire estate must be determined, but will leave to the widow if she finds it necessary to apply for such part of the principal as she may require to give her all that her husband, the testator, intended her to have in the way of comforts and enjoyment for the rest of her life.

The court will review the question of good faith as a matter of fact (*Matter of Wilkin*, 183 N. Y. 104), and when such good faith is shown based on fact, this court will concur.

A decree may be entered accordingly.