In the Matter of the Estate of HERBERT C. F. GODWIN, Deceased.

Surrogate's Court, Richmond County, March 29, 1933.

*Remington & Meek,* for the executor.

*J. Harry Tiernan,* special guardian.

SMITH, S.   One Herbert C. F. Godwin died on February 21, 1928, leaving a last will and testament, probated in the Surrogate's Court of Richmond county, wherein provision was made for his brother, George Henry Purvis Godwin, as follows:

"*Fourth.* All the rest and residue of my estate, I give, devise and bequeath, as follows, to wit:

" (a) * * *

" (b) * * *

" (c) Two-fifteenths (2/15ths) thereof to my brother, George Henry Purvis Godwin, last known to me to be an inmate of Southmead Infirmary, Bristol, England, provided he is well enough to leave the infirmary; but if he is not well enough to leave the infirmary, his said two-fifteenths share shall be held in trust during his life time by my said executor and his successors as trustees, the interest and net income thereof to be paid to him or for his benefit or use quarterly, or yearly, as may seem most convenient to my executor as such trustee; this legacy to be so construed that no other than my brother shall get the benefit thereof during my brother's life time, though my brother may bequeath the residue and remainder as he may see fit."

The said testator disposed of any residue of his estate that might not be disposed of by prior dispositions therein as follows:

" *Fifth.* One-half ($\frac{1}{2}$) of all the rest, residue and remainder of my estate, if by any chance there be any, I give, devise and bequeath to my wife hereinabove named and described, her heirs, devisees, legatees and assigns forever absolutely; the other one-half ($\frac{1}{2}$) to Dorothy Irving, Ethel Cross and Madeline Cross, in equal parts, their heirs, devisees, legatees and assigns forever."

It appears from the papers filed in the said proceedings that the said George Henry Purvis Godwin died in Southmead Hospital, Bristol, England, on March 23, 1931, intestate; that he was never physically able to leave that institution from the date of testator's death.

The intent of testator, in relation to the bequest to his brother, George Henry Purvis Godwin, seems clear and certain. The testator unquestionably intended to give to his said brother the interest bequeathed to him absolutely, provided said brother became well enough to leave the hospital, when and if he left such place, and during such period of residence therein he created a trust for his brother's benefit, and gave him the power to dispose of the remainder by will, but as said brother never left the hospital, and died intestate, and as there was a subsequent gift over, said brother never became seized of the absolute estate, for it is an elementary proposition that a clause in a will devising a fee absolute may be so limited by subsequent provisions as to give only a life estate, or create a trust. (*Higgins* v. *Downs*, 101 App. Div. 119, 122.) And a bequest expressed in general terms which are adequate to pass the absolute title may be restricted to a life estate by subsequent

provisions in a will (*Stevens* v. *Miller*, 2 Dem. 597), and although it has been held that where a gift expressed to be for the " use," " benefit " or " support " of the devisee or legatee is deemed, where there is no other disposition of the property to pass the fee, yet if the will contains a gift to another of whatever may remain or be undisposed of at the death of the first taker, the latter is held to take only a life estate. (*Matter of Ithaca Trust Company*, 220 N. Y. 437, 442, revg. 176 App. Div. 40.)

I accordingly find that George Henry Purvis Godwin became only entitled to the income from the estate bequeathed to him by clause " fourth " of said will, and that upon his death intestate, the principal thereof passed under clause " fifth " of said will, to the persons therein designated.

Enter decree accordingly; amount of allowance of special guardian to be inserted therein.