In the Matter of the Application of JENNIE BENNETT BRASSER, as Administratrix with the Will Annexed, etc., of MYRON H. BENNETT, Deceased, for a Determination as to the Validity, Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of MYRON H. BENNETT, Deceased.

JENNIE BENNETT BRASSER, as Administratrix with the Will Annexed, etc., of MYRON H. BENNETT, Deceased, Petitioner, Appellant; CHARLES C. CONGDON, as Executor, etc., of MARY A. WARD, Deceased, Respondent.

Fourth Department, June 30, 1937.

*Charles T. Ennis*, for the appellant.

*Charles C. Congdon*, for the respondent, as executor of the will of Mary A. Ward and as attorney for certain legatees therein named.

SEARS, P. J.    The testator Myron H. Bennett died on the 9th day of November, 1887.    He was survived by one daughter only, named in his will as Appolonia M. Ward, but usually called Mary A. Ward.    Her husband was Willoughby W. Ward.    Mary A. Ward died without issue on the 10th day of September, 1936, leaving a will in which she disposed of her estate generally.    Her husband, Willoughby W. Ward, had died on the 3d day of November, 1928.    Involved in this proceeding is the construction of the fourth clause of the will of Myron H. Bennett which reads as follows: " I hereby will and bequeath unto my daughter, Appolonia M. Ward, all of the ballance and remainder of my estate or the proceeds thereof that shall be and remain after paying as herein-before directed, but the same to remain under the controll and custody of my Executors hereinafter named until my said daughter she shall arrive at the age of forty years, they paying to her the net income of said ballance of my estate or the proceeds thereof.    When my said daughter shall arrive at the age of forty years, she shall be entitled to receive the full custody and control of all such ballance of my estate.    I further direct that if any of my estate shall remain at the decease of my said daughter and she shall die without leaving living issue, then and in that case I direct that one half thereof shall be paid to Willoughby W. Ward, husband of my said daughter, and the other half thereof to be divided equally share and share alike between my Nephews and Nieces, then living, or among the then living issue of said deceased Nephews and Nieces, so that the children of said deceased Nephews or Nieces shall receive the same share that their parent would have received if then living."

When Mary A. Ward reached forty years of age she received possession of the property given her in the quoted paragraph.

She did not dispose of all of it during her lifetime but did attempt to dispose of it by will. It is the contention of the appellant, a surviving niece of the testator and administratrix of his estate with the will annexed, that the property not disposed of by Mary A. Ward in her lifetime (as she died without issue) was subject to the provisions of the gift over to Willoughby W. Ward and the nephews and nieces of the testator, Myron H. Bennett, and their issue. On the other hand the respondent, the executor of the will of Mary A. Ward, contends that the clause for the gift over was under the circumstances without effect, and that the property received by Mary A. Ward from her father's estate was hers absolutely under her father's will and passed as her own property to the beneficiaries as provided in her own will.

The questions involved relate to the character of the interest of Mary A. Ward under her father's will. The intention of the testator seems reasonably clear. He wished his residuary estate to be held by his executors until his daughter reached the age of forty years. Up to that time his daughter was to be paid the income. On reaching forty she was to receive possession of the principal, and was to have the right to dispose of it and consume it during her lifetime, but on her death, if she left no descendants, that part which she had not disposed of and consumed during her lifetime was to be paid one-half to her husband and one-half to testator's nephews and nieces and their issue. The surrogate has determined that the testator's provision for the ultimate contingent remaindermen was conditional on Mary A. Ward dying before reaching the age of forty. The surrogate has supported his view in a thoughtful opinion. We cannot, however, agree with this view. No limitation of death to an age under forty was included in the express condition for the gift over. The juxtaposition of two sentences is not enough to support such a conclusion, particularly when the form of the implied power of disposal is also considered. Naturally such power of disposal would only be exercised after the property had been delivered by the executors to the custody and control of Mary A. Ward, that is, after she reached the age of forty years. Similarly, a construction that the gift to Willoughby W. Ward and the nephews and nieces of the testator and their issue was intended to be effective only in the case of the death of Mary A. Ward in the lifetime of the testator would be extremely artificial and plainly inconsistent with the expressed intention of the testator. Thus we reach the conclusion that the condition upon which the gift over was predicated, namely, the death of Mary A. Ward without leaving living issue has occurred.

It seems equally clear that the testator did not intend to include in the implied power of disposition given to his daughter a power of disposition by will. Such a right would run counter to the natural meaning of the words " if any of my estate shall remain at the decease of my said daughter " and the words must be given their natural meaning. (*Greyston* v. *Clark,* 41 Hun, 125; *Vincent* v. *Rix,* 248 N. Y. 76; *Hallinan* v. *Skillen,* 253 id. 550.)

We find no valid ground for invalidating what we conceive to be the testator's intention. The common-law doctrine of repugnancy (*Van Horne* v. *Campbell,* 100 N. Y. 287) has been changed by the Revised Statutes (1 R. S. 725, § 33, now embodied in Real Prop. Law, § 57; Pers. Prop. Law, § 11; *Leggett* v. *Firth,* 132 N. Y. 7; *Tillman* v. *Ogren,* 227 id. 495). The provision of the statute is " An expectant estate may be defeated in any manner, or by any act or means which the party creating such estate, in the creation thereof, has provided for or authorized. An expectant estate thus liable to be defeated, shall not, on that ground, be adjudged void in its creation." The statute has been frequently applied to expectant estates following a life estate with power of disposition to the life tenant. (*Leggett* v. *Firth, supra; Vincent* v. *Rix, supra; Hallinan* v. *Skillen, supra.*) Since a fee may now be limited on a fee (Real Prop. Law, § 50; 1 R. S. 724, § 24), an expectant estate limited upon a fee does not differ in respect to the application of the quoted statute from an expectant estate limited upon a life estate. (Fowler Real Property [3d ed.], p. 365.) It is, therefore, not necessary to determine at this time whether Mary A. Ward's interest under her father's will was a base or determinable fee or a life estate. The only relic of the doctrine of repugnancy now operative is where there are two inherently inconsistent provisions. (*Matter of Ithaca Trust Co.,* 220 N. Y. 437.) The limitation to be effective must, of course, be expressed with clarity. (*Clay* v. *Wood,* 153 N. Y. 134.) There is no inconsistency here; there is clarity of expression. We apply the language of Judge CHASE used in the course of his opinion in *Tillman* v. *Ogren (supra,* p. 502): " The gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts."

The condition of the gift over of the property remaining at the death of Mary A. Ward without leaving living issue having occurred and the final clause being legally effective, the property still remaining passed as far as possible to the beneficiaries named

in the final sentence. The provision for Willoughby W. Ward is not expressed as a bequest but in the form of a direction to pay to him, and it seems to us that the provision in his favor was contingent upon his surviving his wife. It is, however, not necessary for us to determine this question as it is not involved in the controversy between the parties now before the court.

As to the other half of the property of the testator Myron H. Bennett, the provision for the surviving nephews and nieces of the testator and their issue is effective.

The decree should be modified by striking out paragraphs first and second of the adjudging paragraphs of the decree and inserting in place thereof the following: 1. That the death of Mary A. Ward referred to in the fourth paragraph of said will means the death of Mary A. Ward at any time. 2. That the final sentence of the fourth paragraph is valid and the nephews and nieces of the testator living at the death of Mary A. Ward and the living issue of a deceased nephew or niece are entitled to receive one-half of the property of the testator willed and bequeathed by the fourth paragraph of said will and remaining undisposed of by Mary A. Ward in her lifetime. 3. That Mary A. Ward's power of disposal and consumption did not include a power to dispose by will, and as so modified should be affirmed, with costs to the parties appearing by attorneys payable out of the estate.

All concur. Present — SEARS P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Decree modified on the law in accordance with the opinion and as modified affirmed, with costs to the parties appearing by separate attorneys and filing briefs, payable out of the estate.