In the Matter of the Estate of FREELOVE DAVIS, Deceased.

Surrogate's Court, Westchester County, March 25, 1938.

*Bleakley & Harding,* for the petitioner.

MILLARD, S. The executor under the will of this decedent has requested a construction of paragraph " tenth " of her will.

Decedent died on December 27, 1935. Her will was admitted to probate on March 2, 1936.

In paragraph " first " of her will she directed that her debts and funeral expenses be first paid from her estate.

In paragraphs " second," " third," " sixth," " seventh " and " eighth " she bequeathed certain specific articles of furniture and jewelry to named relatives.

In paragraphs " fourth " and " fifth " she gave legacies of $200 each to her nieces, Jeannette Davis Nightingale Richmond and Mary Greene Nightingale Pearce.

In paragraph " ninth " she bequeathed to The National Bank of Commerce and Trust Company of Providence a sum of money equal to one-third of her holdings in cash and invested securities, after fulfilling items " first," " fourth " and " fifth " of her will,

in trust, to invest and pay over the income to a nephew, George Corlis Nightingale, during his lifetime and, at his death, to divide and pay the principal fund in equal shares to the then living grand-children of her sister, Mary Davis Nightingale, deceased.

Paragraph " tenth," that part of the will pertinent here, reads as follows: " I give, devise and bequeath to my brother-in-law, George Watson Kittredge, a sum of money equal to two-thirds of my holdings in cash and invested securities, after fulfilling items First, Fourth and Fifth of this Will as above written. It is my desire that said sum shall be used by him as he sees fit during his life and that at his death said sum or such part thereof as then remains shall be passed by him in equal shares to my nephew, George Davis Kittredge, and my niece, Mary Henrietta Kittredge McNear, but if either of these shall have died leaving issue then the share that would have been his or hers shall be passed to said issue."

In paragraph " eleventh " the residue of the estate is given to George Watson Kittredge and he is appointed as executor.

The language of paragraph " tenth " of the will, in my opinion, falls squarely within the rule laid down in *Matter of Ithaca Trust Co.* (220 N. Y. 437), where the court said (at p. 441): " A remainder cannot be limited upon an *absolute* estate in fee. Where a gift is provided by will and such gift is intended to be *absolute*, a gift over is repugnant to such absolute gift and void and the purported gift over must be treated as a mere expression of a wish or desire regarding the distribution of such part of the gift as may remain undisposed of at the death of the donee." (Citing cases.)

In the first sentence of paragraph " tenth " testatrix makes an absolute gift to George Watson Kittredge of a sum equal to two-thirds of her holdings in cash and invested securities, subject only to the payment of her debts and funeral expenses and the legacies of $200 each to two nieces under paragraphs " fourth " and " fifth " of the will. The language used in its remaining portion of para-graph " tenth " is precatory only and does not qualify or cut down the absolute gift theretofore made. (*Tillman* v. *Ogren*, 227 N. Y. 495, 505.)

Paragraph " tenth " of the will is, therefore, construed as effect-ing an absolute gift of two-thirds of the cash and securities left by the testatrix at the time of her death, subject only to the pay-ment of her lawful debts and funeral expenses and the legacies aggregating $400 given to Jeannette Davis Nightingale Richmond and Mary Greene Nightingale Pearce under paragraphs " fourth " and " fifth " of the will.

Submit decree accordingly.