In the Matter of the Estate of HENRY BROWER, Deceased. STATE TAX COMMISSION, Appellant; THOMAS H. BROWER et al., as Executors of HENRY BROWER, Deceased, Respondents.— Appeal by the State Tax Commission from an order of the Surrogate's Court of the County of Nassau modifying the report of an appraiser by increasing the amount of exemption of the property of the estate from tax and exempting the estate from taxation under section 249-q of the Tax Law. Order reversed on the law, without costs, and the *pro forma* taxing order of March 21, 1950, reinstated, without costs. Power granted to a life tenant to invade the corpus as necessary for her support does not enlarge her interest from that of a life estate to one in fee. (*Matter of Stevens,* 241 App. Div. 490; *Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Matter of Sievert,* 246 App. Div. 457; *Hasbrouck* v. *Knoblauch,* 130 App. Div. 378.) Section 153 of the Real Property Law does not have that effect. (*Hasbrouck* v. *Knoblauch, supra.*) Accordingly, the interest of the testator's widow, as such life tenant, in the corpus was not " indefeasibly vested " within the meaning of subdivision a of section 249-q of the Tax Law, and the exemption afforded by that statute is not applicable. (See *Matter of Benson,* 275 App. Div. 226; cf. *Matter of Walsh,* 277 App. Div. 1133.) Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [197 Misc. 726.]

■

In the Matter of SARAH NADLER, Appellant, against JOSEPH D. McGOLDRICK, State Rent Administrator, Constituting the Temporary State Housing Rent Commission, Respondent.— In a proceeding to review and set aside orders of a local rent administrator reducing rent and of the State administrator affirming such a determination, order denying application reversed on the law, without costs, and orders of September 11, 1951, and October 25, 1950, by the local and State rent administrators, respectively, are set aside and annulled, without costs. Irrespective of whether the registration statement was filed in time, the rent was subject to reduction if it was excessive (Code of Fed. Reg., tit. 24, § 825.5, subd. [c]). The delay in filing the registration certificate merely rendered the landlord subject to liability for a refund in the event the rent was found to be excessive. No such finding was ever made nor was any proceeding instituted within the prescribed ninety-day period (Code of Fed. Reg., tit. 24, § 825.4, subd. [c]). The maximum rent as· of March 1, 1950, as contemplated by the Rent Law (L. 1950, ch. 250, amdg. L. 1946, ch. 274, § 4, subd. 1, par. [a]) was $125 a month and section 36 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission may not be read so as to be in contravention of the statute. Nolan, P. J., Carswell, Sneed and MacCrate, JJ., concur; Adel, J., dissents and votes to affirm with the following memorandum: I am of the opinion that section 36 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission applies to the premises in question under the facts and circumstances of this case. This administrative regulation now has express legislative sanction. The regulations in effect at the time the instant matter was determined were re-enacted in the amended regulations which the State Rent Administrator was required, by paragraph (c) of subdivision 2 of section 4 of the State act, to ·submit for legislative approval not later than January 15, 1951. These regulations thereafter received legislative approval as provided in the said act and thereby became the law of the State. On appeal, the applicable law prevails as it exists at the time of the determination of the appeal, including such amendments as may have been enacted since the original determination. (*Woods* v. *Durr,* 336 U. S. 941.)