In the Matter of the Accounting of CHENANGO COUNTY NATIONAL BANK AND TRUST COMPANY OF NORWICH, as Executor of ADDIE E. CLOSE, Deceased Executrix of GEORGE F. CLOSE, Deceased, Respondent.

HAZEL R. WOOD, as Administratrix with the Will Annexed of GEORGE F. CLOSE, Deceased, Appellant.

Third Department, December 30, 1952.

*Henry Temes* for appellant.

*David F. Lee, Sr.,* for respondent.

BREWSTER, J. Petitioner-appellant is the administratrix, *c.t.a.,* of the estate of George F. Close, deceased. Respondent is the executor of the will of Addie E. Close, deceased, who was the surviving wife of the said George F. Close, and the executrix of his will who qualified and acted as such from its probate for nearly twenty-one years and until she died. As such executrix she never accounted and petitioner instituted this proceeding to compel respondent to account for her conduct of the affairs of that estate (Surrogate's Ct. Act, § 257), the petition alleging that at the time of her death she had possession as such executrix, of certain personal property of the estate of her deceased husband, now possessed by or under the control of respondent as her executor.

Upon the return of the citation respondent filed what it has termed an answer to the petition but which it also contends constitutes all that may be required of it as an account of the conduct of its testatrix for her acts as executrix, and such, the order and decree appealed from has " approved    *    *    *    as sufficient ", and thus in effect judicially settled.

By the third clause of his will, the aforesaid testator provided for his wife, respondent's testatrix, as follows: " I hereby give, devise and bequeath the use, income, rents and profits of and from all of my property, real and personal, to my wife, Addie E. Close, for and during her natural life, with the right to the said Addie E. Close, to use and expend so much of the principal of ·said property, real and personal, as, in her discretion, may be necessary or proper for her comfort "; and in the next clause he provided that upon the death of his said wife; " I give,

devise and bequeath all the rest, residue and remainder of my property, real and personal, to the following named persons in the proportions hereinafter specified ''. This was followed by money bequests to fourteen named persons aggregating $15,500 followed by a further gift of the rest, residue and remainder to five named persons, '' share and share alike ''. By her last will and testament the surviving wife disposed of an estate of an approximate amount by way of various legacies bequeathed to divers persons and institutions, a few of whom were also named as legatees in her husband's will, and, by a twenty-third clause thereof she stated: '' By this will [sic] desire to advise the Surrogate of Chenango County that I have exercised the discretion given me in the ' Third ' paragraph of the will of my husband, George Freemont Close, and have taken into my possession and ownership for my personal ownership to use and expend all of the property described in said Third paragraph of the will of my husband, George Freemont Close.''

The respondent has, as it claims, properly and fully accounted herein by setting up the aforesaid third and twenty-third clauses of the respective wills along with the allegations that all of the husband's estate became the property of its testatrix individually in her life time, and that it has no property in its possession or control as her representative in her capacity as executrix. Respondent's so-called answer and account, therefore, merely state a legal conclusion that there is nothing for it to account for as concerns the acts and doings of its testatrix as executrix of her husband's will, based upon the clauses of the respective wills hereinabove set forth. We are quite unable to agree that such a presentment of the matter constitutes either a proper answer or account in the instant proceeding. None of the principal of the property which the husband gave to his wife for and during her natural life could have become her property unless she had exercised the right coupled therewith and had used or expended it, as authorized, and nothing has been shown that she did so use or expend it. In the aforesaid provision of her will she merely proclaimed herself the owner of what had been given to her for life in order, as she said '' to use and expend '' it. Whether she accomplished her stated purpose has not been shown. The power given to her to dispose of it as she saw fit for her own comfort did not enlarge the estate so given into a fee. The power thus given was to secure to her the use and benefit of all of her husband's property as she might deem it to be necessary or proper for her comfort. In respondent's liability to account for her acts as executrix it is incumbent upon

it to show any and all ascertainable facts by which it may be determined whether as a fact any of the property which came to her from her husband remained unused and unexpended by her as authorized. Respondent's reliance upon the aforesaid twenty-third clause of the will of its testatrix amounts to no proper accounting or showing that there is nothing to account for. Its testatrix was not empowered to use and expend the principal of her husband's estate by disposing of it to others in her will. Her power to invade and use the principal of the estate given to her for life was one which could only be exercised by her during life and not at death, for an absolute power of disposal is incompatible with a life estate. (*Vincent* v. *Rix,* 248 N. Y. 76; *Matter of Ithaca Trust Co.,* 220 N. Y. 437, 441–442; *Seaward* v. *Davis,* 198 N. Y. 415; *Leggett* v. *Firth,* 132 N. Y. 7; *Terry* v. *Wiggins,* 47 N. Y. 512.) Manifestly it was not the intention of the husband testator to confer upon her the power to dispose of his property by her will upon any object of her bounty. The interest of the persons named by him in his will and whom he chose as the objects of his bounty may not be nullified by reading into the generous provision which he made for his wife what would amount to a gift to her of a power of appointment for such would be antagonistic to and destructive of his clearly expressed testamentary intention.

The order and decree should be reversed and the matter remitted to the Surrogate's Court below, with appropriate directions.

HEFFERNAN, J. P., BERGAN, COON and HALPERN, JJ., concur.

Order and decree appealed from reversed, on the law and facts, with costs payable out of the estate, and the matter remitted to the Surrogate's Court below for an order directing the respondent to account as respects all property, indicia of title, records, papers, data, and information in its possession or under its control as executor of Addie E. Close, deceased, pertaining to any and all property whereof her husband George F. Close died seized, and to her acts and conduct with reference thereto or connected therewith.