In the Matter of the Accounting of CHENANGO COUNTY NATIONAL BANK AND TRUST COMPANY OF NORWICH, as Executor of ADDIE E. CLOSE, Deceased Executrix of GEORGE F. CLOSE, Deceased, Appellant. HAZEL R. WOOD, as Administratrix with the Will Annexed of GEORGE F. CLOSE, Deceased, Respondent.— Appeal from that portion of an order and decree of the Surrogate's Court of Chenango County, made on the 20th day of April, 1953, which directed that costs on a previous appeal be paid from the estate of Addie E. Close, deceased. Prior to this appeal the estate of George F. Close, deceased, brought a proceeding in Surrogate's Court and obtained an order and decree from which an appeal was taken to this court. This court reversed the order and decree and remitted the matter to the Surrogate's Court for the purpose of making an order. (*Matter of Close,* 281 App. Div. 147.) This court on that appeal reversed "with costs payable out of the estate". Upon proceedings following the remission, the Surrogate has directed the costs as taxed to be paid from the estate of Addie E. Close, deceased. Appellant here contends that this direction was incorrect, and that the taxable costs should have been payable out of the estate of George F. Close, deceased. We think appellant's contention is correct. The term "with costs payable out of the estate" has been used in appellate orders for many years and has a definite and well understood meaning. It means that costs are not assessed against either party as such, but are payable out of the estate concerned in the appeal, which in this case was the estate of George F. Close, deceased. Had this court intended that the costs be taxed against the unsuccessful party or any party it would have so stated. In accordance with long established practice and the accepted meaning of the above-quoted clause, that portion of the order and decree appealed from is reversed, on the law, and the matter remitted to the Surrogate's Court with a direction to tax the costs against the estate of George F. Close, deceased, without costs on this appeal. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.