In the Matter of the Construction of the Will of EDWIN SQUIRES, Deceased.

Surrogate's Court, Suffolk County, July 15, 1955.

*George W. Percy* for Addie L. Downs, petitioner.

*Syrena H. Stackpole* for residuary legatees under the will of Frank Downs, deceased.

HAZLETON, S. The executrix under this will brings this proceeding to determine the effect of the provisions of paragraph "THIRD" of the will insofar as they relate to the title of the real property therein set forth. Said paragraph reads: "THIRD: I give and bequeathe all of my real estate consisting of my farm at Wickapogue near the Village of Southampton, to my daughter Addie L. Downs and her husband Frank Downs equally share and share alike, Subject however to the provisions named in the first part of paragraph Two above set forth, and also to the payment of my just debts and funeral expenses, and also upon condition that should the said Frank Downs die before his wife, the said Addie L. Downs, then in that event his share of said real estate is to go to his wife the said Addie L. Downs & her heirs forever." The reference to paragraph "Two" of this will pertained to certain life benefits provided for Jemima J. Squires, widow of the testator, who survived him but died in 1922, thus terminating the life interest. Frank Downs died in February, 1955, and his demise brought to the fore the question here presented, which deals with the nature of the title acquired by Addie L. Downs and by her husband, Frank Downs, by virtue of the language employed in the above-quoted paragraph. Did they become tenants by the entirety in the property devised, by reason of their relationship as husband and wife, or was their ownership that of tenants in common?

The law is clear that in the absence of a contrary expression of intent, a grant or devise of real property made to a husband and wife vests in them a tenancy by the entirety. However, in this case it appears that a contrary intent exists. The use by the testator of the words "equally share and share alike", standing alone, might be deemed insufficient to remove this devise from the application of the general rule. But when these words are coupled with the express condition that the prior death of Frank Downs shall vest his share in Addie Downs, without a similar provision concerning the prior death of Addie Downs, it becomes evident that the testator did not intend to create a tenancy by the entirety. By expressly providing this condition without the other, the testator obviously negatived the right of survivorship in the husband, should his wife have predeceased him, and thus rejected an essential element of a tenancy by the entirety. Had he intended otherwise, the condition imposed was unnecessary and might well have been omitted from the will. It must be presumed that the testator did not

idly use the words employed by him and that these words bespeak his intention.

It follows that the title acquired in said property by Addie L. Downs and her husband, Frank Downs, was that of tenants in common. Subsequent events have established the fact that Mrs. Downs survived her husband. Had the reverse happened, her share, predicated on a tenancy in common, would not have passed to her husband unless by her will she so provided. However, by the specific provisions of the will of the testator herein, the share of her husband passes to Mrs. Downs. Such provision for a gift over is valid. (Real Property Law, § 57; *Matter of Bennett*, 251 App. Div. 684, affd. 275 N. Y. 593; *Matter of Voorhees*, 106 N. Y. S. 2d 699.) Hence, Addie L. Downs becomes the owner of all of said real property remaining unsold at the time of her husband's death.

Submit decree accordingly, on notice.