**Grace M. MATTESON, as Surviving Executrix of the Last Will and Testament of Edward M. Markham, Plaintiff.**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 5582.

United States District Court
N. D. New York.

Feb. 29, 1956.

Draper & Bartle, Troy, N. Y., Emil S. Bartle, Troy, of counsel, for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, for defendant, H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Frederic G. Rita, Attys., Dept. of Justice, Washington, D. C., of counsel.

FOLEY, District Judge.

The plaintiff, as the surviving executrix of the estate of her father, seeks to recover substantial federal estate taxes paid under protest. The suit was submitted upon a stipulation of agreed facts, and the legal problem involved is concise.

By his will in the second paragraph, after the usual clause for the payment of

just debts and funeral expenses, the testator created a testamentary trust of the remainder of his real and personal property with the direction to the Trustees that the net income of such trust fund be paid to his wife during her life. The trustees named were the wife and daughter, now the plaintiff and surviving executrix in this action. By the third paragraph in the will (attached to the complaint as Exhibit B), the testator provided for the termination of the trust upon the death of his wife, or in the event he survived his wife, and then by specific and detailed bequest and devise divided the remainder among his daughter and two sons.

The important clause in the second paragraph of the will upon which the plaintiff bases her right to recover in this lawsuit states: " * * * and should my wife, Grace Schermerhorn Markham, ever at any time or times find that the income received by her from the Trust herein created for her benefit is not sufficient, and of its sufficiency she shall be the sole judge, my said trustees, upon a request by her in writing, shall pay to her so much of the said trust fund as she shall desire, and her receipt for the same shall be a full acquittance therefor." By these words, allowing a broad invasion of the corpus of the trust fund, it is contended in behalf of the plaintiff executrix that a trust with power of appointment in the surviving spouse was created which should allow marital deduction in the computation of the net estate as outlined in Section 812(e) (1) (F) of the Internal Revenue Code of 1939 and the regulations promulgated thereunder. 26 U.S.C. 1952 ed. § 812; Treasury Regulations 105, Section 8147(a) [as added by T.D. 5699, 1949–1 Cum.Bull. 181]. To support this interpretation and application of the taxing statute and regulations involved, great emphasis is placed upon the ruling of the Court of Appeals, New York, in Matter of Woollard's Will, 295 N.Y. 390, 68 N.E.2d 181, as a sole authority.

In my judgment, this position cannot be sustained. The terms and conditions of the statute and regulations, from my viewpoint, are plain and to bring the life use of his residuary estate with remainder over as the testator provided herein within the sense of such wording would be an unreasonable and strained construction. There is the grant of the power of invasion, but it is not comparable to a power of appointment, either general or limited, in the established concept of the law. The intent of the testator is clear to create merely a life use of income with a remainder over to the persons of his choosing. Such intent is further supported by the transfer to the daughter during his lifetime of the real property of substantial value which had been placed in trust by the will.

Matter of Woollard's Will, supra, does not control the situation. It is significant to note that in modifying the decree of the Surrogate, the Court of Appeals carefully changed the "*absolute* right to all of the income *and all* or any part of the corpus" to "the right to all of the income and to such part of the corpus * * *" (italics mine). The limitation of good faith and honest judgment on the part of the surviving spouse is carefully preserved. Such limitation is incompatible with a power to dispose by appointment. In the application of the Woollard doctrine here, the only event which would allow the invasion of the corpus of the trust fund would be the sufficiency of the income as she decided it in good faith, and this seems far from a power to appoint the entire corpus free of the trust in her favor or to her estate without qualification as provided in the statute and regulations involved.

It seems clear to me, in the law of New York, that a trust as created here confers only a life estate with remainder over and not an absolute fee with power to dispose either by will or by sale. Terry v. Wiggins, 47 N.Y. 512, 516; In the Matter of Estate of Brower, 278 App.Div. 851, 104 N.Y.S.2d 658, affirmed 304 N.Y. 661, 107 N.E.2d 589. See also Matter of Vanderbilt's Estate, 281 N.Y. 297, 308, 22 N.E.2d 379.

Equally so, it seems clear and logical that the testator here so intended from the wording of his will and the family circumstances present, despite the grant of power to invade if necessary. Matter of Ithaca Trust Co., 220 N.Y. 437, 441, 116 N.E. 102. The law searches out the reality and is not concerned with the form. Lehman v. Commissioner, 2 Cir., 109 F.2d 99, 100.

As my findings of fact, I adopt the agreed facts stipulated. My conclusion is that the plaintiff is not entitled to recover, the complaint is dismissed and a judgment to such effect may enter for the defendant.