Harry Gr. Herman, S.
In this independent proceeding for a construction the petitioner requests a determination as to the validity or invalidity of the provisions for a trust under article “third” of the will of Charles Elliott Bunn, her deceased husband, and a determination as to the disposition of the corpus of said intended trust.
The will designates the petitioner widow as the sole trustee and the sole income beneficiary and authorizes her in her absolute discretion as she may deem necessary to take principal of said trust for her proper care, support or maintenance.
Every valid trust must have a trustee who is not the sole beneficiary. (Brown v. Spohr, 180 N. Y. 201; Rose v. Hatch, 125 N. Y. 427; Weeks v. Frankel, 197 N. Y. 304; Matter of Reed v. Browne, 295 N. Y. 184; Matter of Ford, 138 N. Y. S. 2d 694.) Here the named trustee is the sole beneficiary and as a consequence, no valid trust resulted.
Therefore it becomes necessary to determine what estate has been created by the testator’s attempt to establish the trust under article 1‘ third ’ ’. The language of said article to the contrary notwithstanding, Carolyn De Costa Bunn forthwith became a life tenant in the corpus of the intended trust. (Reed v. Browne, supra; Real Property Law, § 92; Matter of Heilbronner, 196 N. Y. S. 2d 284.) Her possession of an estate for life was coupled with authority to pay over or apply such part or all the principal of such fund as she might in her absolute discretion deem necessary for her proper care, support or maintenance. Her discretion to invade the principal is not absolute despite the language of the will. Her power of appointment by will is absolute, but her power to invade the principal is nevertheless limited by the words: 1 ‘ deem necessary for the proper care, support or maintenance ”. She does not have the absolute right to otherwise dispose of the corpus during her lifetime. The broad provisions of article “ thikd ” indicate *513 the decedent’s intent to make available to his widow something more than a life use of the principal of this fund but something less than an absolute fee therein. He made provision for a remainder over — which could not be limited upon an absolute estate in fee (Matter of Ithaca Trust Co., 220 N. Y. 437). When the decedent named his widow as the sole judge of the amount, if any, which should be withdrawn from principal as necessary for her proper care, support or maintenance that grant of the use of principal with remainder to others imported his confidence in her and in turn called for the exercise by her of honest judgment and good faith which, when challenged, is the proper subject of judicial review. (Swarthout v. Ranier, 143 N. Y. 499; Matter of Briggs, 101 Misc. 191, mod. 180 App. Div. 752, mod. 223 N. Y. 677; Vincent v. Rix, 248 N. Y. 76; Matter of Smith, 129 Misc. 497; 2 Scott, Trusts, § 187.4.)
The language in the will now under consideration differs from that used in Rezzemini v. Brooks (236 N. Y. 184) and that of Matter of Martin (269 N. Y. 305). In the former the intent was to provide from the trust fund full care and support with no condition of need attached; in the latter, invasion of principal was made dependent upon the needs or requirements of the beneficiary, whereas the authority of petitioner widow herein extends to payment to herself of only such principal as she may deem necessary for her care, support and maintenance, together with an absolute power of appointment.
Therefore, her life estate is subject to contingent remainder interests of specific amounts sets forth in the will in the event that, improbable as it may be, she fails to validly exercise her power of ultimate testamentary disposition.