Otto C. Jaeger, S.
The decedent died on February 20, 1957 leaving a will which was duly admitted to probate. In this proceeding the court is asked to construe paragraph ‘ ‘ FOURTH ’ ’ of the will which provides as follows: 11 fourth : All the rest, residue and remainder of my estate, whether real, personal or mixed, and of whatsoever kind and wheresoever situated, I give, devise and bequeath to each of my sisters salute long, helen m. long and mollte long, an equal separate undivided share therein, share and share alike, and each of them for herself alone, shall have the full and unrestricted right to use and dispose of her separate share, without qualification or consent of each of the other sisters as to such use and disposition and upon the death of each such sister, if any part of such sister’s share is still undisposed of, then I most emphatically also, give, devise and bequeath out of any such undisposed balance of such share or of each of such shares the following legacies* not however, to exceed in the aggregate the sum of $4,000.00 to *592 wit: — 'To my niece barbara long wetzel, the sum of $1,000; to my nephew edward b. long, 3rd, the sum of $1,000; to my nephew ooubtney long, the sum of $1,000; and to my nephew g. winston long, the sum of $1,000; and any further undisposed balance there may be of any such sisters ’ shares and all the rest, residue and remainder of my estate, I give devise and bequeath to my brother edward b. long, jr., absolutely.”
Although the initial language of paragraph ‘ ‘ fourth ’ ’, when read out of context, might appear to bequeath an absolute estate to each of the three sisters, it is manifest from a reading of the entire provision that such was not the intention of the testatrix.
An absolute power of disposition is inherent in an absolute estate and “A remainder cannot be limited upon an absolute estate in fee.” (Matter of Ithaca Trust Co., 220 N. Y. 437, 441.) If, therefore, the property constituting the residuary estate were bequeathed to testatrix’ sisters absolutely, the subsequent language conferring upon each sister a right to ‘ ‘ use and dispose of her separate share ” would be mere surplusage and the provision for a gift over ‘ ‘ upon the death of each sister ’ ’ would be repugnant and void.
It is fundamental that “ Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant.” (Matter of Buechner, 226 N. Y. 440, 443.)
In the present case all the language may be made meaningful and any repugnancy avoided if paragraph “ fourth ” is construed as bequeathing to each sister a life estate with the power to use and dispose of the corpus and with future estates limited upon each life estate subject to the power of disposition.
The power of disposition is unusually broad. In the language of the testatrix it is “ full and unrestricted ”. Each life tenant may, undoubtedly, during her lifetime, appropriate the entire corpus of her estate to her own use, benefit and enjoyment. She may spend it, sell it or give it away, in whole or in part, in her sole discretion. But she may not dispose of the property by will and to that extent the power is not absolute. An absolute power of disposition would be incompatible with a life ' estate (Terry v. Wiggins, 47 N. Y. 512; Matter of Close, 281 App. Div. 147). The power here must be held to relate to a disposition taking effect prior to death since “ upon the death ” of the life tenant the 1 ‘ undisposed balance ’ ’ is bequeathed to the specifically named remaindermen (Matter of Ithaca Trust Co., supra; Vincent v. Rix, 248 N. Y. 76).
The fact that the life tenant may exercise the power during her lifetime so as to completely defeat the remainders, does not *593 render the remainders void in their creation (former Real Property Law, § 57; present EPTL 6-5.10).
Paragraph 1 ‘ fourth ’ ’ is construed as bequeathing to each of testatrix’ three sisters a life estate in one third of the residue with an unrestricted power to use and dispose of corpus during life, but with no power of disposition at death by will, and with valid remainders limited upon each life estate subject to the life tenant’s power of disposition.